UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **WILLIAM S. LYNCH**<br>**FED. REG.#32206-037** | **CIVIL ACTION NO. 2:10-cv-167**<br>**SECTION P** |
| VS. | **JUDGE MINALDI** |
| **J.P. YOUNG** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner William S. Lynch, a prisoner in the custody of the Federal Bureau of Prisons (BOP), filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on January 26, 2010. Doc. 1. He is currently incarcerated at the Federal Correctional Institute, Oakdale (FCI-O), Louisiana; however, he complains of incidents that occurred while he was incarcerated at the Federal Correctional Complex, Victorville (FCC-V), California. *Id.* Petitioner challenges a prison disciplinary proceeding that resulted in the forfeiture of 27 days of good time credits and other sanctions. *Id.*

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

The incident report filed by petitioner shows that on February 19, 2009, he was found engaging in the prohibited conduct of a sexual act. Doc. 1, p. 7. Petitioner was given notice of the charge on February 21, 2009 and was advised of his rights on February 26, 2009. *Id.* at p. 8. The disciplinary hearing officer's (DHO) hearing was conducted on February 26, 2009. The DHO found that petitioner had committed the act as charged, and petitioner was sanctioned with 27 day of disallowed good conduct time, 30 days of disciplinary segregation, 90 days loss of commissary, and 90 days loss of telephone. *Id.* at p. 9. According to the DHO, petitioner gave

the following statement, "I received the report late and I did not do that." *Id.* at p. 8. In finding that petitioner committed the prohibited act, the DHO relied on the reporting officer's eyewitness statement and outlined the evidence in making this findings as follows:

> The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of his incident report, did not want to call any witnesses and did not want a staff representative. The DHO explained to the inmate that a delay occurred in providing the inmate with a copy of the incident report. The inmate could not offer any justification how this delay negatively effected [sic] his ability to defend himself at the hearing. The inmate understood his due process rights, and was ready to proceed with the DHO hearing.
>
> The DHO finds inmate William LYNCH . . . committed the prohibited act of Engaging in a Sexual Act . . . . The DHO relies upon the reporting officer's statement which indicates at approximately 1:00 p.m., on February 19, 2009, the reporting officer observed inmate LYNCH standing in the programs corridor . . . his pants pulled down to his knees, with his hand around his penis, moving his hand in a back in forth motion, while grinning at the reporting officer. The reporting officer immediately yelled at inmate LYNCH. Inmate LYNCH then pulled his pants up and started running. The reporting officer then notified the programs officer who then apprehended inmate LYNCH.
>
> Although the inmate denies the charge. [sic] The DHO based his decision on the greater weight of the evidence. Specifically, the DHO relies upon the reporting officer's eyewitness statement. The DHO found no reason to question the validity of the reporting officer, since her observations were made strictly in the performance of her duties, without any reason to submit a false report.

*Id.* at p. 9.

Petitioner appealed his conviction through the local, regional, and national levels. The national inmate appeals administrator noted that the regional director remanded the case to the DHO for rehearing, and that as of November 19, 2009, the rehearing was pending. Petitioner was informed that upon receipt of the SHO's rehearing decision, he could re-file any contentions that he had. Doc. 1, p. 20.

On January 26, 2010, petitioner filed the instant complaint and has not provided addition documentation in support of his claim.

2

*Law and Analysis*

Petitioner seeks to have the incident report expunged based on policy, procedural, and due process violations. Since he is proceeding *pro se*, the court will liberally construe his petition as seeking the restoration of those lost good time credits. Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Since petitioner lost good time credits, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), governs this review of the contested disciplinary proceeding.

In *Wolff*, the Court held, although the rights of a prisoner "may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555-56. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling, and (4) the requirement that upon review "some evidence" support the ruling. *Hill*, 472 U.S. at 454.

In *Hill*, 472 U.S. 445, 457 (1985), the Supreme Court provided guidance regarding the "some evidence" standard of review for federal courts to apply in their assessment of prison disciplinary decisions involving the loss of good conduct time credits. According to the Court, the requirements of due process are met, and the decision of the prison discipline officer must be upheld, if there is "some evidence" to support the decision. The process to be used by the reviewing court was further described as follows:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witness, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

3

*Id.* at 455-56.

Once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenges by the petitioner and uphold the finding of the DHO. *See id.* at 457. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456.

Petitioner has provided copies of the BOP's Discipline Hearing Officer Report and Incident Report with respect to the incident he now contests. These exhibits establish beyond any doubt that petitioner received adequate notice of the alleged violation; that he was afforded the opportunity to present evidence; and that written findings in support of the ruling were provided. In other words, the exhibits establish that petitioner was afforded all the process he was due under *Wolff*. *See McMahon v. Tamez*, No. 10-10542, 2011 WL 280843 (5th Cir. Jan. 28, 2011).

Further, the exhibits establish that there was some if not ample evidence of guilt sufficient to satisfy the standard enunciated in *Hill*.[1] *See Williams v. Quarterman*, No. 08-0394, 2009 WL 186022 (N.D. Tex. Jan. 23, 2009).

In short, petitioner has not shown that he was deprived of liberty without due process; therefore, he has failed to state a claim for which relief may be given and dismissal of his petition on that basis is appropriate.

## *Conclusion*

Considering the foregoing, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

---

[1] As provided in *Hill*, the Court, in assessing whether "some evidence" supports the disciplinary conviction, is not required to assess the credibility of the witnesses who provided evidence at the DHO hearing. *See Brown v. Johnson*, No. 00-0232, 2001 WL 183003, *5 (N.D. Tex. Jan. 23, 2001).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 17th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE